**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT ANTHONY SMITH, | No. 15-16711 |
| Petitioner-Appellant, | D.C. No. 3:08-cv-00335-RCJ-WGC |
| v. | |
| RENEE BAKER and ADAM PAUL LAXALT, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted October 18, 2016 [**]
San Francisco, California

Before: THOMAS, Chief Judge, and BEA and IKUTA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)

Robert Anthony Smith (Smith) appeals the district court's denial of his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996, habeas relief is available only if a state court's prior adjudication of the petitioner's claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Smith was convicted by a Nevada jury of second degree murder. The claims he is raising now were adjudicated by the Nevada Supreme Court. We hold that the Nevada Supreme Court's dismissal of Smith's prosecutorial misconduct claims and ineffective assistance of trial counsel claims was not contrary to or an unreasonable application of established federal law.

I

Smith alleges that several of the prosecutor's statements during the examination of a witness and again during closing argument amounted to a violation of his due process and fair trial rights under the Fifth, Sixth, and

2

Fourteenth Amendments. In *Darden v. Wainwright*, 477 U.S. 168, 181 (1986), the Supreme Court "measured the fairness of [a] petitioner's trial by considering, *inter alia*, (1) whether the prosecutor's comments manipulated or misstated the evidence; (2) whether the trial court gave a curative instruction; and (3) the weight of the evidence against the accused." *Tak Sun Tan v. Runnels*, 413 F.3d 1101, 1115 (9th Cir. 2005) (citing *Darden*, 477 U.S. at 181). During Smith's trial, the prosecutor did mischaracterize the prior testimony of an eyewitness who had testified inconsistently about whether she had seen Smith shoot the victim. However, the court sustained an immediate objection to the mischaracterization, and the remaining evidence against Smith included a second eyewitness identification of Smith as the shooter and .9 millimeter Luger cartridges found in Smith's apartment on the day of the shooting that had the same head stamp as the casing recovered from the truck bed where the victim was shot. Thus, the Nevada Supreme Court's conclusion that the prosecutor's misstatements did not render Smith's trial unfair was not an unreasonable application of established federal law. 28 U.S.C. § 2254(d)(1). At the very least, "fairminded jurists could disagree on the correctness of the state court's decision," *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotations omitted), and Smith therefore is not entitled to federal habeas relief on this claim, *see* 28 U.S.C. § 2254(d)(1).

Smith also alleges that during closing argument the prosecutor misstated the law regarding the lesser-included offense of voluntary manslaughter, and that this misstatement rendered the trial fundamentally unfair. The Supreme Court has cautioned that "a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." *United States v. Young*, 470 U.S. 1, 11 (1985). Assessing the statement in context, it is clear that the prosecutor in Smith's case did not misstate the law in closing argument but rather restated relevant jury instructions and applied those instructions to the facts in evidence. The Nevada Supreme Court did not unreasonably apply established federal law, 28 U.S.C. § 2254(d)(1), in concluding that the prosecutor's closing argument did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process," *Jones v. Ryan*, 691 F.3d 1093, 1102 (9th Cir. 2012) (quoting *Darden*, 477 U.S. at 181). Smith is not entitled to federal habeas relief on this claim. *See* 28 U.S.C. § 2254(d)(1).

II

Smith next argues that he received ineffective assistance of counsel because his trial attorney failed to properly investigate the case, present exculpatory

4

witnesses, and object to inadmissible testimony. To prove ineffective assistance of counsel, Smith must make two showings: first, that his attorney's performance was deficient, and second, that his attorney's deficient performance prejudiced his defense. The former "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and the latter "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When assessing a *Strickland* claim, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotations and citation omitted).

Smith has shown neither deficiency on the part of his attorney nor resulting prejudice. First, his attorney cross examined witnesses at trial regarding the information Smith faults him for not having investigated, so it is unclear what more the requested investigation would have yielded. Second, his attorney decided not to call witnesses whose testimony would have conflicted with Smith's chief defense that someone named Mario Sanchez was in fact the shooter. This was

5

likely a sound trial strategy. Third, while Smith's attorney did not object to an arguably improper question posed to a witness, the attorney elicited an admission on cross examination of the witness that her prior testimony was not accurate. If the failure to object was indeed deficient, no prejudice resulted. Therefore, the Nevada Supreme Court did not unreasonably apply established federal law in denying Smith's claim for ineffective assistance of trial counsel, and Smith is not entitled to federal habeas relief on this claim. 28 U.S.C. § 2254(d)(1).

III

Finally, we decline to expand the certificate of appealability to encompass Smith's six uncertified issues because no "substantial showing of the denial of a constitutional right" has been made with respect to these claims. 28 U.S.C. § 2253(c)(2). Smith raised all six of these issues before the district court, and the court dismissed three of the issues on procedural grounds and denied the remaining three on the merits. The district court's adjudication of these claims is not subject to reasonable debate and the issues presented were not "adequate to deserve encouragement to proceed further." *Shackleford v. Hubbard*, 234 F.3d 1072, 1081 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)).

**AFFIRMED.**

6